GEORGE D. ZAKAS and MARY A. ZAKAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zakas v. Commissioner
Docket No. 2980-71.
United States Tax Court
T.C. Memo 1973-47; 1973 Tax Ct. Memo LEXIS 239; 32 T.C.M. (CCH) 210; T.C.M. (RIA) 73047; February 26, 1973, Filed *239 George D. Zakas, pro se. Albert L. Sandlin, Jr., for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $1,871.70 and an addition to tax under section 6653(a) [1] of $93.59 in petitioners' income tax for 1967. The sole issue is whether petitioners omitted $9,229.62 of income from their return. FINDINGS OF FACT George D. Zakas and Mary A. Zakas (hereinafter referred to jointly as petitioners and individually as George or Mary) are husband and wife. They filed a joint Federal income tax return for 1967 with the district director of internal revenue, Atlanta, Georgia. Petitioners were residents of Georgia at the time they filed their petition. During 1967, George was the president and manager of a wholly owned corporation known as The B-Great Corporation. This corporation was organized in either 1965 or 1966 and was in the business of supplying labor to various organizations. Mary worked as the corporation's bookkeeper and also had a part-time job working for *240 a dentist. Petitioners went into bankruptcy in either 1970 or 1971. On their 1967 return, petitioners reported gross income in the amount of $10,434.51, composed of salaries of $10,425 and interest on a savings account in the amount of $9.51. In addition, they received a Federal income tax refund in the amount of $659.40. In the notice of deficiency, respondent recomputed petitioners' taxable income by the source-and-application- 3 of-funds method of income reconstruction. He determined that they spent for various, listed purposes approximately $20,323.53 in 1967 and concluded that the amount by which this sum exceeded the income reported on their return and their tax refund was omitted income. Under this formula, respondent determined that petitioners did not report $9,229.62 of their taxable income. In addition to the funds available to petitioners in 1967, referred to above, however, they borrowed $3,000 and $1,800, respectively, from George's mother and brother. These amounts were not taken into account in respondent's computations. Moreover, during 1967, petitioners made payments of only $150 for land purchased on July 19, 1967, $804 on a home mortgage, $360 for *241 utilities, $125 for tobacco, and $300 for lunches; and they spent nothing for home repairs. These amounts are less than the amounts determined in the notice of deficiency to have been expended for these purposes, i.e., $742.08, $1,500, $600, $416, $910, and $300, respectively. ULTIMATE FINDING OF FACT Petitioners omitted income of $1,700.54 from their 1967 return. 4 OPINION Petitioners have attacked the determinations in the notice of deficiency in two ways. First, they have shown that George received certain loans from his mother and his brother and, thus, had additional, nontaxable moneys available to cover their expenses in 1967. Also, they have established that respondent's determinations of the amounts of some of their expenditures are excessive. While petitioners did not supply as much corroborating documentation as would ordinarily be expected, we think this is understandable in the circumstances of the case. Respondent's use of the source-and-application-of-funds method of reconstruction called into question numerous personal and family expenditures (e.g., the costs of cigars and cigarettes, noonday meals, food and groceries, laundry and dry cleaning, Christmas *242 gifts, etc.) on which formal records are rarely kept. Moreover, petitioners went through bankruptcy in either 1970 or 1971, and any reason for retaining receipts or other records on their expenditures was no longer apparent. While we recognize that petitioners have the burden of proving that respondent's determinations are erroneous, we think it pertinent in the circumstances of this case 5 that respondent did not offer any evidence whatever to support his determinations. Nor did he furnish the Court with any enlightenment as to how he or his agents arrived at the amounts determined to have been expended by petitioners. There being no evidence to the contrary, we found George's testimony, though based largely on estimates, to be generally reasonable and believable. Although an examination of the record as a whole supports petitioners' contention that they received loans from George's mother and brother and that several of the expenses included in respondent's computations were wrong, even after making these adjustments the computations reveal that petitioners omitted income from their return. Since petitioners have offered no explanation to account for this discrepancy, *243 we must sustain a part of the deficiency determined by respondent. Philip R. Simms v. Commissioner, 422 F.2d 340 (C.A. 4, 1970), affirming per curiam a Memorandum Opinion of this Court. Petitioners have offered no evidence whatever to show that the omission of gross income from their return was not due to "negligence or intentional disregard of rules and regulations" or that they used reasonable care in the preparation of their return; therefore, an addition to tax 6 under section 6653(a) will apply. Accordingly, to reflect these adjustments, Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue. ↩